## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                                  CASE NO: 8:18-bk-01568-CPM
                                                                        CHAPTER 7

RICHARD WILLIAM KELLARD,

    Debtor.
_____/

## WELLS FARGO BANK, N.A.'S
## RESPONSE TO TRUSTEE'S MOTION TO SELL

Wells Fargo Bank, N.A., its successors and/or assigns ("Secured Creditor"), by and through its undersigned counsel, responds to the Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lender (Doc. 27, the "Motion") and states as follows:

1. On February 28, 2018, Richard William Kellard, (the "Debtor"), filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2. Secured Creditor holds a security interest in the Debtor's real property located at 10211 Turtle Hill Court, Tampa, FL 33615 (the "Property"), which is legally described as:

**LOT 32, BLOCK 8, TIMBERLANE SUBDIVISION UNIT NUMBER 4, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGE(S) 64, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

3. Further, and more specifically, Secured Creditor holds an interest in the Property by virtue of that certain mortgage, executed by the Debtor and properly recorded on March 7, 2008, in the Official Records of Hillsborough County, Florida at Book 18487, Pages 1170-1184.

4. On April 11, 2019, the Trustee filed the Motion. In the Motion, Trustee advised that there is an offer to purchase the Property for $69,000.00 from Florida Casas, Inc.

5. Secured Creditor does not necessarily oppose the granting of the Motion to Sell, but respectfully requests that: (a) any order provide that secured creditor will be paid in full subject to a

proper payoff; (b) the Trustee's sale of the Property be explicitly conditioned on obtaining Secured Creditor's written consent to the "Short Sale" at or prior to closing; and (c) that all proceeds from the sale (if consented to by Secured Creditor), less realtor fees and typical and customary closing costs, shall attach to Secured Creditor's lien at the time of the sale and shall not become property of the Debtor's bankruptcy estate nor be subject to distribution by the trustee. The closing and receipt of funds should be received within ninety (90) days from the date of entered order.

6. Absent the aforementioned conditions, Secured Creditor does not consent to the sale of the Property for an amount that is less than the entire amount of its lien. Secured Creditor avers that, pursuant to § 363(f), the Trustee may not conduct a "Short Sale" of the Subject Property without Secured Creditor's express consent.

7. Secured Creditor reserves the right to supplement this Response as necessary.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court grant the Motion to Sell under the aforementioned conditions and restrictions or, in the alternative, deny the Debtor's Motion.

    BROCK & SCOTT, PLLC
    Attorney for Secured Creditor
    2001 Northwest 64th Street, Suite 130
    Fort Lauderdale, FL 33309
    Phone: 813-342-2200
    Fax: 954-618-6954
    Floridabklegal@Brockandscott.com

    /s/ Patrick Hruby
    _____
    PATRICK HRUBY, ESQUIRE
    Florida Bar No. 0088657

**I CERTIFY** that a true copy hereof has been served electronically or via U.S. mail, first-class postage prepaid, to: Richard William Kellard, 10211 Turtle Hill Court, Tampa, FL 33615;

Scott A Rosin, Esq, Scott A Rosin, P A., 5835 Memorial Hwy Ste 6, Tampa, FL 33615-5005; Carolyn R. Chaney, PO Box 530248, St. Petersburg, FL 33747; United States Trustee - TPA7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602, on this 26th day of April, 2019.

> BROCK & SCOTT, PLLC
> Attorney for Secured Creditor
> 2001 Northwest 64th Street, Suite 130
> Fort Lauderdale, FL 33309
> Phone: 813-342-2200
> Fax: 954-618-6954
> Floridabklegal@Brockandscott.com
>
> /s/ Patrick Hruby
> _____
>
> PATRICK HRUBY, ESQUIRE
> Florida Bar No. 0088657