ORDERED.

**Dated:  May 09, 2019**

Catherine McEwen

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Case No. 8:18-bk-01568-CPM
                                                                       Chapter 7

Richard William Kellard

      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR
AUTHORITY TO SELL REAL PROPERTY**
(Property: 10211 Turtle Hill Court, Tampa, Florida  33615)

THIS CASE came on for hearing on May 6, 2019 at 1:30 p.m., to consider the Chapter 7

Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lender ("Motion"),

pursuant to the provisions of 11 U.S.C. §363(b), (f) and (m), Doc. No. 27.  Appearances by Carolyn

Chaney, Trustee and Patrick Hruby, counsel for Wells Fargo Bank, N.A.  The Court reviewed the

Motion and the record and found that a response was filed by the secured lender, Wells Fargo

Bank, N.A., to preserve its rights to be paid in full as a first position creditor in accordance with

the approval of this sale as authorized by Wells Fargo Bank, N.A.   For the reasons stated orally

and recorded in open Court, which will constitute the findings of this Court, it is appropriate to

grant the Motion.  Accordingly, it is

**ORDERED:**

1.      The Motion to Sell Real Property is GRANTED.

2.      The Trustee is authorized to sell the estate's interest in the real property located at:

Lot 32, Block 8, of TIMBERLANE SUBDIVISION UNIT NO. 4, according to the map or plat thereof as recorded in Plat Book 52, Page 64, of the Public Records of Hillsborough County, Florida

to the Buyer, FloridaCasas, Inc. for the purchase price of $69,000.00, and in accordance with

the terms and conditions set forth in the HUD-1, made a part of the Motion.

3.      The Trustee is authorized to pay costs and expenses of sale as set forth in the HUD.

4.      Pursuant to Section 363(b) of the Bankruptcy Code, effective upon closing, the sale

of the real property will vest in the Buyer all right, title and interest of the Debtor and the

bankruptcy estate in the real property, free and clear of all liens, claims or interests.

5.      The Buyer has not assumed any liabilities of the Debtor.

6.      The Trustee is authorized to execute all documents and instruments reasonable and

necessary to close the sale.

7.      The Trustee's sale of the Property is explicitly conditioned on obtaining Secured

Creditor's written consent to the "Short Sale" at or prior to closing.

8.      The Trustee, and any escrow agent upon the Trustee's written instruction, shall be

authorized to make such disbursements on or after the closing of the sale as are required by the

purchase agreement or order of this Court, including, but not limited to: (a) all delinquent real

property taxes and outstanding post-petition real property taxes pro-rated as of the closing; and

(b) other anticipated closing costs of Prorations/Adjustments, Title Charges and Escrow/

Settlement Charges, Government Recording and Transfer Charges, Lender Payoff, Real Estate

Brokers Commission of 4%, a carve-out to the Bankruptcy Estate and any other miscellaneous

costs of closing.

9.      The Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

10.     The Trustee shall close the sale and distribute the funds due to Wells Fargo within ninety (90) days from the date of the entry of this Order.

11.     The 14-day stay period provided by Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Trustee Carolyn Chaney is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.